**Phillip BLUME and Daniel Jaramillo, Plaintiffs,**

v.

**David MENELEY and Shawnee County, Kansas, Defendants.**

**No. CIV.A.00–2559–CM.**

United States District Court, D. Kansas.

July 16, 2003.

See also 275 Kan. 257, 62 P.3d 247.

Elizabeth R. Herbert, Pedro L. Irigonegaray, Robert V. Eye, Irigonegaray & Associates, Topeka, KS, Fred L. Slough, Slough, Connealy, Irwin & Madden, Kansas City, MO, for Plaintiff.

Alan L. Rupe, S. Douglas MacKay, Husch & Eppenberger, LLC–Wichita, Wichita, KS, David P. Mudrick, Thomas E. Wright, Wright, Henson, Somers, Clark & Baker LLP, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

Pending before the court is defendant Shawnee County's Motion for Reconsideration (Doc. 141), in which defendant asks the court to reconsider that portion of its June 25, 2003 Memorandum and Order (Doc. 139) that denied defendant Shawnee County's Motion for Summary Judgment (Doc. 91). In support of its Motion for Reconsideration, defendant Shawnee County directs the court to examine a

recent Kansas Supreme Court case that may serve to negate any vicarious liability defendant Shawnee County would otherwise have in this case. For the reasons set forth below, defendant's Motion for Reconsideration is granted, but that portion of defendant's Motion for Summary Judgment that the court previously denied is still denied.

## I. Background

This case involves allegations that plaintiffs, two employees of the Shawnee County, Kansas Sheriff's Department, were denied promotions by defendant Shawnee County because of statements plaintiffs made to outside law enforcement agencies regarding Sheriff's Department activities. Specifically, plaintiffs allege that defendant Meneley kept plaintiffs from being promoted because plaintiffs had made allegations which led to the internal investigation and eventual ouster of defendant Meneley. Plaintiffs also assert that these disclosures were constitutionally protected speech under the First Amendment. On April 29, 2002, defendant Shawnee County filed its Motion for Summary Judgment. Among its reasons for requesting summary judgment, defendant Shawnee County argued that it could not be liable for any actions of defendant Meneley unless plaintiffs' allegations met the standard set forth in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The court found that the *Monell* standard was satisfied and denied the motion for summary judgment.

However, one of the bases the court set forth for its ruling was defendant Shawnee County's oversight power over the Sheriff's Department. In January of this year, the Kansas Supreme Court issued an opinion that might call into question this basis. Because a change in governing law is a

basis for reconsideration, Fed.R.Civ.P. 59(e), the court will reconsider its earlier ruling in light of the new law.

## II. The *Nielander* Opinion

In January of this year, the Kansas Supreme Court issued its ruling in *Board of County Commissioners of County of Lincoln, Kansas v. Nielander*, 275 Kan. 257, 62 P.3d 247 (2003). In that case, the Board of County Commissioners of Lincoln County had attempted to fire a Lincoln County Sheriff's deputy. The sheriff had resisted the board's authority to fire his deputies and appealed the board's decision.

 On appeal, the Kansas Supreme Court reversed the board's termination of the deputy and stated that:

> The sheriff is an independently elected officer whose office, duties, and authorities are established and delegated by the legislature. The sheriff is not a subordinate of the board of county commissioners and neither are the undersheriff or the sheriff's deputies and assistants. Rather, the sheriff is a state officer whose duties, powers, and obligations derive directly from the legislature and are coextensive with the county board ...The board of county commissioners is the means by which the legislature finances the operations of the office of the sheriff. The board of county commissioners is not free to usurp the powers of the office of sheriff by controlling the hiring or firing of the deputies and assistants appointed by the sheriff.

*Id.* at 261–262, 62 P.3d 247. The sheriff's position is a creature of state law, one of many elected positions created to carry out the various duties of county government. These elected positions are not subordinate to one another, they are equal positions, each empowered with the task of running one of the departments of the county government. *Id.* The court inter-

prets this holding as stating that a county board of commissioners has no oversight over a sheriff's department, and therefore no vicarious liability for employment practices of the sheriff.

### III. *Nielander's* Ramifications Regarding Whether Defendant Shawnee County is a Proper Defendant in This Case

■ The Shawnee County Board of Commissioners clearly did not have oversight over the actions of defendant Meneley. Moreover, even if the Board of Commissioners believed it could veto the actions of defendant Meneley, *Nielander* shows that any attempt to veto these actions would have been reversed on appeal. However, the Shawnee County Board of Commissioners is not a defendant to this action. Shawnee County is the defendant. The court and the parties have consistently mislabeled defendant Shawnee County as the Shawnee County Board of Commissioners, and this has been an error.

■ While the Shawnee County Board of Commissioners is not a party to this case, it has—from the beginning of this case—undertaken the defense of defendant Shawnee County's interests. Counties in Kansas are legal fictions created by the legislature, "corporate entities with boards of county commissioners to transact county business, as well as the offices of county clerk, county treasurer, register of deeds, and sheriff." *Id.* at 262, 62 P.3d 247 (citations omitted). A county, therefore, may only act through its agents and officers. *See id.* The court interprets this section of *Nielander* as holding that a sheriff's department is one of the offices through which a county may act, as is a board of commissioners. They are two separate arms of county government.

■ The county sheriff "is the official responsible for his department and is sub-

ject to follow personnel policies of the county in relation to the *county employees* under his supervision." *State ex rel. Stovall v. Meneley,* 271 Kan. 355, 372, 22 P.3d 124 (2001) (emphasis added) (citation omitted). The sheriff must follow county employment policies, and those policies are established for all county employees by the board of commissioners. *Nielander,* 275 Kan. at 264, 62 P.3d 247.

Based on the record before it, the court determines that plaintiffs are county employees and, therefore, defendant Shawnee County is a proper party to this suit. The Shawnee County Sheriff's Department is the individual department of defendant Shawnee County for which plaintiffs worked. To the extent that the Shawnee County Board of Commissioners has undertaken defendant Shawnee County's defense, defendant Shawnee County cannot assert defenses to which only the Board of Commissioners would be entitled. *Nielander* shows that the Board of County Commissioners is only one of many offices that may act on behalf of defendant Shawnee County; the county and the board are not one and the same. Therefore, the court finds that the argument set forth by the Shawnee County Board of Commissioners is moot, as the board is not a proper party to this case, and as the court's holding in *Nielander* is inapplicable to defendant Shawnee County as a whole.

### IV. Applying *Monell* in Light of *Nielander:* Defendant Shawnee County's Liability

■ Local governing bodies can be sued "for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell,* 436 U.S. at 690, 98 S.Ct. 2018.

Defendant Shawnee County argues that, in order for defendant Shawnee County to be liable for the actions of defendant Meneley and the Shawnee County Sheriff's Department, either those actions must have been taken pursuant to an established policy or custom of the county, or defendant Meneley must have had final policymaking authority for the county. The court agrees. *See id.,* at 690–96, 98 S.Ct. 2018.

In its previous order, the court set forth two findings regarding this issue. First, the court found that there existed questions of material fact regarding the Sheriff's Department's promotions policy. Defendant Meneley sat on every promotions panel, and it is unclear from the record how much influence he exercised over the recommendations of the panel members. The promotions panel was a part of established Sheriff's Department policy. The court concluded that a reasonable jury could find that the Sheriff's Department used this policy to violate plaintiffs' rights and that defendant Shawnee County had adopted this policy.

■ Second, the court stated that the denial of plaintiffs' promotions was—according to the record—effectuated through standard Sheriff's Department procedures. The uncontroverted facts indicate that the panels denied plaintiffs' applications for promotions and that the Sheriff's Department implemented these denials. There has been no indication that the decision to deny the promotions violated Sheriff's Department policy. On the contrary, all of the parties agree that the denial of plaintiffs' promotions was effectuated through the established Sheriff's Department promotion policy. It is also uncontested that the Sheriff's Department was bound to follow the personnel procedures established

lished by the Board of County Commissioners for all county employees. *See* Kan. Stat. Ann. § 19–805(d).[1] Obviously, plaintiffs were denied promotions within the confines of county policy. The court finds that the Sheriff's Department's actions constituted an official policy or custom of defendant Shawnee County within the meaning of *Monell.*

■ Finally, *Nielander* establishes another point upon which this court was silent in its previous order. *Nielander* clarifies that the Sheriff's Department is autonomous. No other county department has authority over the practices of the Sheriff's Department, except to the extent that the Board of Commissioners sets the budgets and personnel policies of all county offices. Therefore, defendant Meneley was clearly a final policymaker for defendant Shawnee County. Defendant Shawnee County argues that the Board of County Commissioners never gave defendant Meneley the authority to take many of the actions plaintiffs allege. However, *Nielander* makes it clear that it is not up to the Board of County Commissioners to direct the sheriff's activities. The Sheriff's Department is an autonomous branch of defendant Shawnee County. Defendant Shawnee County argues that it cannot be held liable for merely employing defendant Meneley. The court agrees. *See Monell,* 436 U.S. at 693, 98 S.Ct. 2018. However, this case is not analogous to a *respondeat superior* case where an employee commits a tort without causation on the employer's part. In this case, if a violation was committed at all, it was committed by a county department and by an elected officer—acting in his official

---

1. "Any personnel action taken by the sheriff ... shall be subject to the following: (1) Personnel policies and procedures established by the board of county commissioners for all county employees other than elected officials." Kan. Stat. Ann. § 19–805(d).

capacity—charged with carrying out a function of county government.

■ Defendant Shawnee County argues that defendant Meneley was a state official and that his actions may not be attributed to the county. The court agrees that defendant Meneley was a state official to the extent that his position was created by state legislation and that he did not answer to any other branch of county government. However, the court disagrees with defendant Shawnee County's argument that defendant Meneley's actions do not bind defendant Shawnee County. If the elected policymakers of the county government are incapable of acting on the county's behalf, then no person is capable of doing so. As stated above, a county is a corporate being that may only act through its agents and officers. Although the sheriff answers to the state, and not to the county board of commissioners, the sheriff's department is clearly a branch of county government.

This court must determine issues of state law as it believes the highest state court would decide them. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir.2003). The court concludes that the Kansas Supreme Court did not intend for *Nielander* to negate the Supreme Court's holding in *Monell* that local government may be held accountable under § 1983. If *Nielander* were interpreted as defendant Shawnee County urges, then all county officers—board of commissioners, clerk, treasurer, register of deeds, attorney, and sheriff—could bind only the state through their official actions. As the county may only act through its agents and officers, this interpretation would open the State of Kansas up to liability for any lawsuit that would otherwise have been brought against the county involved. The court does not believe this was the Kansas Supreme Court's intent and, therefore, reads *Nielander* in a more limited sense than defendant Shawnee County recommends.

## V. Conclusion

Therefore, the court modifies its June 25, 2003 Memorandum and Order to the extent it found that questions of fact existed as to defendant Shawnee County's liability. *Nielander* clearly establishes that defendant Meneley was a final policymaker for defendant Shawnee County, and that his actions represent official policy and are attributable to defendant Shawnee County. *See Monell*, 436 U.S. at 693, 98 S.Ct. 2018 ("it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") Therefore, the court concludes as a matter of law that, if the jury finds that plaintiffs' denial of promotion violated their First Amendment rights, defendant Shawnee County may be held liable for the violation under *Monell*. Defendant Shawnee County's Motion for Summary Judgment is therefore denied as it concerns vicarious liability.

**IT IS THEREFORE ORDERED** that defendant Shawnee County's Motion for Reconsideration (Doc. 141) is granted. The court's order of June 25, 2003 (Doc. 139) is amended as set forth above.